Earl H. Snyder and Marie Synder v. Commissioner.
Snyder v. Commissioner
Docket No. 43585.
United States Tax Court
T.C. Memo 1955-97; 1955 Tax Ct. Memo LEXIS 243; 14 T.C.M. (CCH) 328; T.C.M. (RIA) 55097; April 20, 1955
*243 M. U. S. Kjorlaug, Esq., First National Bank Building, Houston, Tex., for the petitioners. John P. Higgins, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion Respondent determined deficiencies of $413.60 and $334.40 in petitioners' income taxes for the taxable years 1948 and 1949, respectively. The ultimate question presented is whether for each of the taxable years involved petitioner Earl H. Snyder was an employee or an independent contractor. Findings of Fact Petitioners, husband and wife, are residents of Houston, Texas. Their joint income tax returns for 1948 and 1949 were filed with the collector of internal revenue for the first district of Texas, at Austin. As petitioner Marie Snyder is involved only by reason of having filed a joint return with her husband, Earl H. Snyder, the latter will hereinafter be referred to as petitioner. Petitioner is a water consultant, educated in industrial chemistry. His occupation involves the study and analysis of water samples of various industries so as to aid them in the most effective utilization of water in their manufacturing processes. During the taxable years 1948 and 1949 petitioner's *244 services were performed exclusively for D. W. Haering & Co., Inc., hereinafter referred to as Haering, a manufacturer of chemical products located in Houston, Texas. Haering's customers were generally approached by its salesmen, although petitioner made some solicitations. If a customer decided to use Haering's services, samples of its water were forwarded to Haering's laboratory where a chemical analysis was made and then sent to petitioner in rough draft. Petitioner would check over the analysis and make recommendations as to what chemicals were needed in order to make the water more useable by the industrial customer in its manufacturing process. Petitioner's recommendation was forwarded to Haering and by it to the customer. Petitioner received commissions based upon the chemical products sold by Haering to its customers as a result of his recommendations. These commissions were credited to petitioner's account and paid to him on the first and fifteenth of each month. The yearly total of the commissions constituted petitioner's sole compensation. During 1948 and 1949 petitioner maintained an office in Houston, listed under his own name and that of Haering. The office telephone *245 was listed likewise. All expenses of operating the office were paid by petitioner directly with the exception of the secretary who was paid by Haering but whose salary was charged to petitioner's account. Petitioner was not reimbursed for office, travel, and entertainment expenses. Tax on petitioner's commissions was withheld by Haering, as well as social security contributions. Petitioner was included in Haering's group health, accident, and hospitalization insurance policy. Petitioner did not receive any detailed instruction from Haering as to the method of accomplishing his work or the time during which he was to perform services for Haering. At one time petitioner accepted service of legal process on behalf of Haering as district manager. In reporting his income for each of the taxable years 1948 and 1949 petitioner claimed certain nonreimbursed expenses which included the following categories: Gasoline - oil Car maintenance - garage and repairs Railroad and transport fares Hotel Entertainment and promotion Office rent and lights Office personnel Office supplies and equipment Telephone and telegraph Meals while traveling In the 1948 return, following *246 the itemization of expenditures, petitioner certified that his expenses were incurred as an "employee" and in the 1949 return as an "agent" of Haering. In computing his tax liability for each of the taxable years in question, the petitioner claimed the nonreimbursed expenditures, which were itemized as business deductions from gross income, and also claimed the standard deduction of $1,000 in arriving at taxable net income. The respondent in determining his deficiencies disallowed the claimed expenses as business deductions, but allowed them as itemized deductions in lieu of the standard deduction for the respective years. Opinion LEMIRE, Judge: The ultimate question presented is whether for each of the taxable years 1948 and 1949 petitioner Earl H. Snyder was an independent contractor or an employee of D. W. Haering & Co., Inc. If he was an independent contractor then petitioners are entitled to deduct from gross income under section 22(n), Internal Revenue Code of 1939, the nonreimbursed business expenses incurred in connection with petitioner's services to Haering. If petitioner was an employee the claimed deductions are not properly taken against gross income to arrive at *247 adjusted gross income, but must be taken against adjusted gross income to arrive at taxable net income. Since the deductions claimed exceeded the standard deduction allowable respondent allowed them as itemized deductions in lieu of the optional standard deduction. The amounts involved are not in controversy nor are the material facts in dispute. The record shows there was no contract or agreement defining the relationship between petitioner and Haering, and the relationship was terminable at will. All of petitioner's services as a consultant in dealing with industrial water problems were performed solely for the purpose of effecting sales of Haering's products. The commissions received by petitioner for such services were based upon the products sold by Haering. The entire amount of commissions reported in the taxable years was derived from Haering. The record discloses no services performed or fees earned from other clients. Petitioner received no detailed instruction from Haering as to his work or as to the time spent in performing such services. As the services required were of a limited technical nature no direction or control as to the specific method employed or as to the *248 time required was necessary. That Haering considered petitioner an employee is evidenced by the fact that it made deductions for income tax withholding and social security contributions, and included petitioner as a beneficiary under its group health, accident, and hospitalization policy. The record shows further that on his tax returns petitioner identified himself as an employee. On one occasion he accepted service of legal process against Haering as a district manager. After a consideration of all the evidence, we conclude that during each of the taxable years 1948 and 1949 petitioner was an employee of D. W. Haering & Co., Inc. So holding, it follows that the respondent has properly computed petitioners' tax liability for each of the taxable years 1948 and 1949. Cf. Snyder v. Scofield, 115 Fed. Supp. 356. In that case, under substantially similar facts involving the taxable year 1945, the court determined that the petitioner was an employee of Haering. Decision will be entered for the respondent.